Raymond V. BERRY, Plaintiff,

v.

Wilbur J. SCHMIDT et al., Defendants.

No. 71–C–299.

United States District Court,
W. D. Wisconsin.

May 2, 1972.

Raymond V. Berry, pro se.

Sverre Tinglum, Asst. Atty. Gen., Madison, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for injunctive relief. Plaintiff has been granted leave to proceed *in forma pauperis*. Jurisdiction is claimed under 28 U.S.C. § 1343 (3) and 42 U.S.C. § 1983.

In his complaint, plaintiff alleges that he is presently confined in the Wisconsin Correctional Institution at Fox Lake, Wisconsin; that he has attempted to retain an attorney to help him to obtain habeas corpus relief; that to enable him to retain an attorney, plaintiff has requested defendants to transfer funds from his "restricted" prison account to his "open" prison account; and that defendants have refused to do so.

Defendants have moved for summary judgment upon the grounds that there is no genuine issue as to any material fact; and that defendants are entitled to judgment as a matter of law.

In support of their motion, defendants have submitted the affidavit of John Gagnon, Warden, Wisconsin Correctional Institution. In his affidavit, Warden Gagnon avers that the defendants refused to transfer funds from the plaintiff's "restricted" account to his "open" account, for the reason that "the institution could not approve use of his 'Restricted Account' money for attorney fees until he had some statement to the effect that the attorney had accepted the case." In their brief in support of the motion for summary judgment, defendants characterize their action against plaintiff as the enforcement of a "prison rule"; and contend that this rule is "reasonable on its face" because

**1026**

"the prison has a legitimate interest in supervising an inmate's account so as to prevent the unwise spending of money."

For purposes of this motion, defendants do not dispute the factual matters alleged in plaintiff's complaint. Consequently, for purposes of this motion only, I find as fact the allegations of the complaint that are recited above.

Recently, in Morales v. Schmidt, 340 F.Supp. 544 (W.D.Wis., April 6, 1972), an inmate in a state penal institution brought a civil action in this court, challenging the constitutionality of certain prison rules which were alleged to infringe upon his First Amendment freedom to use the mails. In denying defendant's motion to dismiss that action, this court stated that prisoners share with the general population the full protection of the Fourteenth Amendment; and that civil actions brought by prisoners to challenge a statute or regulation as violative of their right to equal protection of the laws should be treated in the same manner as similar challenges by members of the general populace. Thus, "if a challenge is made to a . . . [prison] regulation . . . ordinarily the burden will be upon the challenger to show that in the particular context, the distinction is arbitrary and unreasonable . . .", but "if the distinction between the two classes bears upon an individual interest considered to be 'fundamental', . . . then the burden will be upon the government to show a compelling state interest in the differential in treatment." Morales v. Schmidt, *supra,* at p. 550.

 In the case at bar, the regulation under attack prevents the plaintiff from transferring money from his "restricted" prison account to his "open" prison account, without the prior approval of prison authorities. This regulation does not bear upon a "fundamental" interest, as described in *Morales, supra,* and therefore in order ultimately to prevail, the plaintiff must show that the regulation is "arbitrary and unreasonable."

On a motion for summary judgment, however, the movant must bear the burden of showing that he is entitled to judgment as a matter of law. It is in support of this burden that defendants here have proffered the contention that the challenged rule is reasonable as a means of preventing prisoners from spending their money unwisely.

Defendants' contention is unpersuasive. It is clear that if the state sought to impose upon the general populace a statute whose sole stated purpose was to ensure against "unwise" spending, such a regulation could not survive a constitutional challenge. Defendants have made no showing as yet why prisoners may properly be subjected to a regulation that could not be constitutionally imposed upon the general public. In the absence of such a showing, defendants' motion must be denied.